FILED

2017 NOV 27  AM 10: 57

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### COMPLAINT

| | | |
|---|---|---|
| Ralph Watts Jr. | ) | CASE NO: 1:17 CV 2473 |
| Plaintiff | ) | |
| | ) | |
| vs | ) | JUDGE |
| Continental Heritage Insurance Company | ) | |
| 6140 Parkland Blvd #321 | ) | JUDGE BOYKO |
| Mayfield Heights, OH 44124 | ) | |
| et. al. | ) | MAG. JUDGE GREENBERG |
| | ) | |
| | ) | |

Williamsburg National Insurance Company

26255 American Dr.

Southfield, MI 48034


Universal Fire & Casualty Insurance Company

3214 Chicago Dr.

Hudsonville, Michigan 49426


American Surety Company

250 East 96th Street, Suite 202,

Indianapolis, IN 46240

Continental Heritage Insurance Company

6140 Parkland Blvd #321

Mayfield Heights, OH 44124


International Fidelity Insurance

One Newark Center, 20th Floor

Newark, NJ 07102


U.S. Specialty Insurance Company

13403 Northwest Freeway, Houston, TX 77040


Bankers Insurance Company

P.O. Box 15707, St. Petersburg, FL 33733


Seneca Insurance Company:

160 Water Street, 16th floor

New York, New York 10038


Roche Surety and Casualty Company, Inc

4106 N Himes Ave. 2nd Floor

Tampa, FL 33607


Allegheny Casualty Company

One Newark Center, 20th Floor, Newark, NJ 07102


American Contractors Indemnity Company

801 South Figueroa Street

Los Angeles, CA 90017

Lexington National Insurance Corporation

P.O. Bo 6098, Lutherville, MD 21094

Universal Fire & Casualty Insurance Company

3214 Chicago Dr.

Hudsonville, Michigan 49426

Accredited Surety And Casualty Company, Inc.

Po Box 140855,

Orlando, Fl 32814

Sun Surety Insurance Company

21 Main St, Rapid City, SD 57701

Timothy J. Kucharski

#190, 1200 W 3rd St,

Cleveland, OH 44113

Surety Corporation of America

1000 NW 14th Street

Miami FL 33136

1. COUNT CIVIL LAWSUIT FRAUD

    a.  18 U.S. Code § 1341 - Frauds And Swindles And Court Order Modifications

    b.  Rule 32.1(a)(6) Revoking Or Modifying Probation Or Supervised Release

    c.  18 U.S. Code § 3142 (a)-(c) - Release Or Detention Of A Defendant Pending Trial

    d.  18 U.S. Code § 3144 - Release Or Detention Of A Material Witness: E.G. Prevent Of Justice.

1.2.  The Plaintiff alleges Defendant-(s) engaged in and/or supported fraud that contributed to inducements and/or illegal payments.

    2.  COUNT CIVIL LAWSUIT

        18 U.S. Code § 371 - Conspiracy To Commit Fraud Offense Or To Defraud United States

    3.  COUNT CIVIL LAWSUIT

        19 U.S. Code § 1592 (a)(1)(A)(i)(ii)(B)- Penalties For Fraud, Gross NEGLIGENCE, And Negligence

    4.  COUNT CIVIL LAWSUIT

        19 U.S. Code § 1592- Penalties For Fraud, GROSS NEGLIGENCE, And Negligence

    5.  COUNT CIVIL LAWSUIT

        25 CFR 11.414 – Misappropriation Of Funds

    6.  COUNT CIVIL LAWSUIT

        18 U.S.C. § 1503 Obstructing Justice To Conceal Fraud

    7.  COUNT CIVIL LAWSUIT PROHIBITED ACTIVITIES

        a.  18 U.S. Code § 1962 (a)(b)(c)(d)- Prohibited activities

        b.  18 U.S. Code § 1964(c) - Civil remedies

    8.  COUNT CIVIL LAWSUIT

Mode of recovery U.S.C. § 981(a)(1)(C)(D)(i)-(vi) and 28 U.S.C. § 2461(c) execution on the judgment rendered in such case, as in civil actions:.

All co-conspirators are jointly and severally liable for the full amount of the proceeds of the conspiracy;

9.  COUNT CIVIL LAWSUIT

18 U.S. Code § 1349 - Attempt And Conspiracy To Commit Fraud:

1.  Pursuant to the Plaintiff's civil lawsuit complaint and nine violations of federal laws, and/or other federal laws, on or about 06/01/2015, Plaintiff request a trial by jury.

2.  Additionally, Defendant-(s) and surety underwriter-(s) allegedly engaged in and/or supported fraud and related crimes related to nine violation of federal laws.

3.  Additionally, Defendant-(s) and surety underwriter-(s) allegedly engages in and/or supports violating Certificate of Compliance and Cuyahoga County judges and Clerk of Courts bail bonds guidelines.

4.  Additionally, Defendant-(s) and surety underwriter-(s) allegedly engage in and/or support fraud and/or bias and/or contempt directed towards ten percent, ten percent cash surety, and cash bail bonds among other bail bond conditions.

5.  Additionally, Defendant-(s) and surety underwriter-(s) engage in and/or support soliciting fraudulent bail bonds among other bail bond conditions.

6.  Additionally, Defendant-(s) and surety underwriter-(s) allegedly engage in and/or support providing public patrons with fraud and/or bias and/or deceit directed advertisement.

7. Additionally, advertisement claims to provide surety underwriter bail bonds in exchange for a) car titles, b) Twenty-nine (29) dollars, and c) free bail bonds among other conditions not mentioned.

8. Additionally, Defendant-(s) and surety underwriter-(s) allegedly engage in and/or support employing federally approved monetary instruments for fraudulent purposes to gain financial advantages, which are disapproved by the federal government.

9. Additionally, Defendant-(s) and surety underwriter-(s) allegedly engage in and/or support registering select fraudulently funded bail bonds.

10. Allegedly, singularly but selectively, regulated federal (individual) bail bonds are assigned two or more increased values upon being registered within the governments' Clerk of Court Offices.

11. Allegedly, federally regulated bail bonds are exchange and/or altered.

12. Allegedly, altering bail bonds conceal criminal proceeds.

13. Allegedly, criminal proceeds are transferred legal proceeds by registering criminal proceeds within the governments' Clerk of Court Offices.

14. Defendant-(s) allegedly inherited political abilities that allow Defendant-(s) to engage in and/or support fraud and/or related crimes.

15. Defendant-(s) relied upon Cuyahoga County Courthouse and state of Ohio administrative political public servant-(s) support to engage in and support fraud.

16. Defendant-(s) performed the attached allegations while having received elected and appointed public servants support.

17. Fraud through the misuse of public funds has occurred for years prior to 06/01/2015 and after as indicated within attached allegations and expressed in a widow and lawyer's authored letters, "first Ralph, who's next…."

18. Fraud allegiances arose from Defendant-(s) deviant fidelity toward the certificate of compliance registered within the Clerk of Court Offices.

19. Defendant-(s) alleged fraud and related and unwarranted acts and/or support of the same encompassed time boundaries near and afar of 06/01/2015.

20. Defendant-(s) alleged fraud and related crimes supported bail surety underwriters' bond agencies within, and outside, the state of Ohio.


21. Pursuant to the Plaintiff's civil lawsuit, Plaintiff seeks thirty nine (39) million dollars in compensatory damages per Defendant-(s).

22. Pursuant to the Plaintiff's civil lawsuit, Plaintiff seeks five hundred and eight-five (585) million dollars in punitive damages per Defendant-(s).

23. Additionally, Plaintiff seeks a forfeiture of Defendant-(s) assets and/or earnings and/or properties resulting from the alleged fraud to the sum mentioned.

24. Additionally, beyond financial redress, if necessary, Plaintiffs seeks all means to satisfy request for financial compensatory and punitive redress. Plaintiff appeals to the honorable court that any and all Defendant-(s) forfeiture-(s) be equal to the dollar value of the compensatory and punitive request.

<u>Please see cover sheets and attachments for greater details: a) claims introduction b) circumstantial evidence c) historical background and d) statute of limitations</u>.

Plaintiff seeks trial by jury.


A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) – or 60 day if you are a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) -- you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney.


Ralph Watts Jr.

11712 Ablewhite Avenue, 3rd floor

Cleveland, OH 44108

If you fail to respond, judgement by default will be entered against you for the relief demanded in the complaint. You must file your answer or motion with the court.


CLERK OF COURT

Date: _November 28 2017_

_____

Signature of Clerk or Deputy Clerk

CIVIL CLAIM INTRODUCTION, COUNTS, AND ALLEGATIONS

PREFIX                                                                                    PAGE

CIVIL CLAIM INTRODUCTION, COUNTS, AND ALLEGATIONS          ............1

IV.    SURETY UNDERWRITER CONTRACT                                       ............4

V.     FRAUD TRANSACTION                                                           ............5

VI.    FRAUD CONUNDRUM                                                          ............6


FEDERAL CIVIL CLAIMS ONE THROUGH NINE                            ............7

1.   COUNT CIVIL LAWSUIT FRAUD

Plaintiff alleges Defendant-(s) engaged in and/or supported fraud

  a.   18 U.S. Code § 1341 - Frauds And Swindles And Court Order Modifications

  b.   Rule 32.1(a)(6) Revoking Or Modifying Probation Or Supervised Release

  c.   18 U.S. Code § 3142 (a)-(c) - Release Or Detention Of A Defendant Pending Trial

  d.   18 U.S. Code § 3144 - Release Or Detention Of A Material Witness: E.G. Prevent Of

   Justice.                                                                 ........7

1.2. 11 CFR 9012.5 Inducements And/Or Illegal Payments             ........10

 The Plaintiff Alleges Defendant-(S) Engaged In And/Or Supported Fraud Inducements.

2.   COUNT CIVIL LAWSUIT

Plaintiff Alleges Defendant-(S) Engaged In And/Or Supported Fraud Conspiracy

18 U.S. Code § 371 - Conspiracy to commit offense or to defraud United States        ........15

3.   COUNT CIVIL LAWSUIT

Plaintiff alleges Defendant-(s) engaged in and/or supported negligence.

19 U.S. Code § 1592 (a)(1)(A)(i)(ii)(B)- Penalties for fraud, gross NEGLIGENCE, and

NEGLIGENCE                                                                        .........15

4.   COUNT CIVIL LAWSUIT

The Plaintiff Alleges Defendant-(S) Was Gross Negligent                 ..........16

19 U.S. Code § 1592- Penalties for fraud, GROSS NEGLIGENCE, and negligence

5.   COUNT CIVIL LAWSUIT

The Plaintiff alleges Defendant-(s) engaged in misappropriate funds          .........18

25 CFR 11.414 - Misappropriation Of Funds

6.   COUNT CIVIL LAWSUIT

Plaintiff alleges Defendant-(s) engaged in and/or supported obstructing justice to conceal fraud

18 U.S.C. § 1503 Obstructing Justice To Conceal Fraud                ................20

7.   COUNT CIVIL LAWSUIT PROHIBITED ACTIVITIES

   a.   18 U.S. Code § 1962 (a)(b)(c)(d)- Prohibited activities

   b.   18 U.S. Code § 1964(c) - Civil remedies                      ...............22

Plaintiff alleges Defendant-(s) engaged in and/or supported obstructing justice to conceal fraud

8.   COUNT CIVIL LAWSUIT

   Mode of recovery U.S.C. § 981(a)(1)(C)(D)(i)-(vi) and 28 U.S.C. § 2461(c) execution on

   the judgment rendered in such case, as in civil actions:.

   All co-conspirators are jointly and severally liable for the full amount of the proceeds of

   the conspiracy;                                                    ..…..........23

The Plaintiff alleges Defendant-(s) engaged in misappropriate funds

9.  COUNT CIVIL LAWSUIT

18 U.S. Code § 1349 - Attempt And Conspiracy To Commit Fraud;

Defendant-(s) engaged in and/or supported conspiracy to commit fraud      …..…………24

following and more.

PREFIX                                                                    PAGE


CIVIL CLAIM INTRODUCTION, COUNTS, AND ALLEGATIONS          ............1

IV.      SURETY UNDERWRITER CONTRACT                            ............4

V.       FRAUD TRANSACTION                                      ............5

VI.      FRAUD CONUNDRUM                                        ...........6


FEDERAL CIVIL CLAIMS ONE THROUGH NINE                         ............7

   1.  COUNT CIVIL LAWSUIT FRAUD

Plaintiff alleges Defendant-(s) engaged in and/or supported fraud

      a.  18 U.S. Code § 1341 - Frauds And Swindles And Court Order Modifications

      b.  Rule 32.1(a)(6) Revoking Or Modifying Probation Or Supervised Release

      c.  18 U.S. Code § 3142 (a)-(c) - Release Or Detention Of A Defendant Pending Trial

      d.  18 U.S. Code § 3144 - Release Or Detention Of A Material Witness: E.G. Prevent Of

          Justice.                                                   ........7


   1.2. 11 CFR 9012.5 Inducements And/Or Illegal Payments         ........10

      The Plaintiff Alleges Defendant-(S) Engaged In And/Or Supported Fraud Inducements.

   2.  COUNT CIVIL LAWSUIT

Plaintiff Alleges Defendant-(S) Engaged In And/Or Supported Fraud Conspiracy

18 U.S. Code § 371 - Conspiracy to commit offense or to defraud United States    ........15

   3.  COUNT CIVIL LAWSUIT

Plaintiff alleges Defendant-(s) engaged in and/or supported negligence.

19 U.S. Code § 1592 (a)(1)(A)(i)(ii)(B)- Penalties for fraud, gross NEGLIGENCE, and

NEGLIGENCE                                                                          .........15

4.  COUNT CIVIL LAWSUIT

The Plaintiff Alleges Defendant-(S) Was Gross Negligent                            ..........16

19 U.S. Code § 1592- Penalties for fraud, GROSS NEGLIGENCE, and negligence

5.  COUNT CIVIL LAWSUIT

The Plaintiff alleges Defendant-(s) engaged in misappropriate funds                .........18

25 CFR 11.414 - Misappropriation Of Funds

6.  COUNT CIVIL LAWSUIT

Plaintiff alleges Defendant-(s) engaged in and/or supported obstructing justice to conceal fraud

18 U.S.C. § 1503 Obstructing Justice To Conceal Fraud                              ................20

7.  COUNT CIVIL LAWSUIT PROHIBITED ACTIVITIES

a.  18 U.S. Code § 1962 (a)(b)(c)(d)- Prohibited activities

b.  18 U.S. Code § 1964(c) - Civil remedies                                        ...............22

Plaintiff alleges Defendant-(s) engaged in and/or supported obstructing justice to conceal fraud

8.  COUNT CIVIL LAWSUIT

Mode of recovery U.S.C. § 981(a)(1)(C)(D)(i)-(vi) and 28 U.S.C. § 2461(c) execution on

the judgment rendered in such case, as in civil actions:.

All co-conspirators are jointly and severally liable for the full amount of the proceeds of

the conspiracy;                                                                    ..…............23

The Plaintiff alleges Defendant-(s) engaged in misappropriate funds

9. COUNT CIVIL LAWSUIT

<u>18 U.S. Code § 1349 - Attempt And Conspiracy To Commit Fraud:</u>

Defendant-(s) engaged in and/or supported conspiracy to commit fraud ...…………24

following and more.

1

CIVIL CLAIM INTRODUCTION, COUNTS AND ALLEGATIONS

I.   18 U.S. Code § 3142 - Release or detention of a defendant ...includes a fraud and/or
particularly mail fraud crimes.

a. Plaintiff considers the above as rewritten and all-inclusive. Plaintiff alleges Defendant-
(s) knowingly engaged in and/or supported fraud that violated 18 U.S. Code § 3142,
prior to and after 06/01/2015. In doing so, Plaintiff alleges Defendant-(s) fraud
violated Cuyahoga County Courthouse judges' surety underwriter court orders.

i. Defendant-(s) released and/or supported releasing accused courtroom criminals
without a court order.

ii. Defendant-(s) employ government approved, monetary instruments. Defendant-(s)
said, instruments are mailed to, and from, Defendant-(s)' bail bond agents and
agencies. The transporting and mailings are employed to allow Defendant-(s) to
engage in and support federal fraud violations.

iii. Defendant-(s) alleged federal fraud violations currently occur in 2017, which have
historical, present, and future ties to the Plaintiff.

b. Plaintiff alleges Defendant-(s) engaged in and/or supported demonstrating contempt
toward 18 U.S. Code § 3142 (a)-(c). In doing so, Plaintiff alleges Defendant-(s) fraud
demonstrated contempt toward Cuyahoga County Courthouse judges' surety
underwriter court orders, prior to 06/01/2015 and after.

i. Plaintiff alleges Defendant-(s) engaged in and/or supported providing Cuyahoga
County Clerk of Courts fraudulent surety underwriter, bail bond, credit, cash
value, "loans." In doing so, Plaintiff alleges Defendant-(s) violated 18 U.S. Code

2

§ 3142 (a)-(c) and Cuyahoga County Courthouse judges' surety underwriter court orders.

II.

Plaintiff alleges Defendant-(s)' bail bond agents and/or "runners" receive commissions (i.e. monies) from indemnitors to provide aforementioned loans. Plaintiff had been bullied and prevented from competing within fraudulent areas of bail bond business, per the widow self-confessed and attorney's authored letters: "first Ralph, who's next..."

a.  Plaintiff considers the above as rewritten and all-inclusive. Plaintiff alleges Defendant-(s) engage in and/or support, engaging in, select fraudulent bail bond arrangements.

   i.  Plaintiff alleges Defendant-(s) bail bond, "loan," arrangements are exchanged for cash proceeds. Similarly as aforementioned, commissions from proceeds are paid to Defendant-(s). Plaintiff alleges Defendant-(s)' agents, and/or collectors, colleagues, and/or investors provide and/or support providing fraudulent, bail bond, arraignments to indemnitors. Plaintiff had been bullied and prevented from competing within fraudulent areas of bail bond business, per the widow self-confessed and attorney's authored letters: "first Ralph, who's next..."

   ii.  Plaintiff alleges Defendant-(s) bail bond, "loan," arrangement and/or support are, also, exchange tools.

   iii.  Plaintiff alleges such tools of exchange are used — under the deception of providing surety-underwriting insurance.

   iv.  Plaintiff alleges, also, such tools of exchange are used — to assassinate select people, children, and decimate targeted communities.

     v.  Plaintiff alleges that releasing accused felon on credit (i.e. loan arraignments) is diabolically opposed to U.S. Congress and the High Court 1966 bail bond reform act.

    vi.  Plaintiff alleges, also, Defendant-(s) use the U.S. mail system, and support the same said, to employ deceitful insurance proceeds.

III.

Proceeds meaning is defined by US Congress as the "gross revenues from the sale of contraband and the operation of organized crime syndicates involving such sales…"

a.  Contraband means illegal imports such as fraudulent surety underwriter, bail bond, credit, cash value, loans (i.e. crime-on-credit) violating 18 U.S. Code § 3142 (a)-(c) and Cuyahoga County Courthouse judges' surety underwriter court orders.

b.  According to 18 U.S. Code § 3142, all surety underwriting bail bond releases shall not impose undo conditions upon the safety of any other person nor the community.

c.  Plaintiff alleges

1.

Plaintiff considers the above as rewritten and all-inclusive. Plaintiff alleges Defendant-(s) engaging in and/or supporting credit, cash value, loans (i.e. crime-on-credit) solicitations as surety underwriter, bail bond, contraband, insurance, which are imposed upon the public.

a.  Additionally, Plaintiff alleges credit, cash value, loan advertisements are fraudulent underwriting arrangement exploits. Plaintiff alleges Defendant-(s) engage in and/or support fraudulent underwriting and/or other crimes, which the (crime-on-credit) advertisements represent.

2.

Additionally, Plaintiff alleges Defendant-(s) engages in and/or supports registering fraudulent underwriting transactions within the government's Clerk of Court Offices.

a.  Plaintiff considers the above as rewritten and all-inclusive. The registration conceal aspects of Defendant-(s) engaging in and or support of select fraudulent transactions.

b.  Plaintiff alleges Defendant-(s) participation in and/or support of cash exchanged — taken from indemnitors— represent tax receipts. Plaintiff alleges that crime-on-credit, bail bond, underwriting transactions, and/or aspect thereof, are concealed for fraudulent (deceitful) purposes.

i.  To conceal the cash — taken from indemnitors— Defendant-(s) engage in and/or support registering the indemnitor credit, cash value, loan amount at an "increased" cash value. That allege fraudulent increased value is registered and/or concealed within the clerks' office.

ii.  The increased value is more than the cash exchanged and received from indemnitors. Plaintiff had been bullied and prevented from competing within fraudulent areas of bail bond business, per the widow and attorney's authored letters: "first Ralph, who's next…"

IV. SURETY UNDERWRITER CONTRACT

I.  Plaintiff considers the above as rewritten and all-inclusive. Surety underwriters' agents and/or runners accepted cash proceeds from the indemnitor to enter in a surety underwriter, bail bond contract. Plaintiff had been bullied and prevented from competing within fraudulent areas of bail bond business, per the widow and attorney's authored letters: "first Ralph, who's next…"

5

a. Plaintiff alleges Defendant-(s) participation in, and/or support of, crime-on-credit contracts violate 18 U.S. Code § 3142 and Cuyahoga County Courthouse judges' surety underwriter court orders. That violation disavows the contract between the surety underwriter and the indemnitor. Plaintiff had been bullied and prevented from competing within fraudulent areas of bail bond business, per the widow and attorney's authored letters: "first Ralph, who's next…"

    i. Plaintiff alleges Defendant-(s) engage in and/or support deceit imposed upon indemnitors, while violating 18 U.S. Code § 3142.

    ii. Plaintiff alleges Defendant-(s) surety agents' acknowledges and commits to the existence of a court ordered fiduciary bail bond obligation. Plaintiff alleges Defendant-(s) ignore violating 18 U.S. Code § 3142 and Cuyahoga County Courthouse judges' surety underwriter court orders.

    iii. Signatures are provided by indemnitors, within areas of business the Plaintiff was prevented from competing. Signatures are required to memorialize the insurance policy between the indemnitor and Defendant-(s), who engage in and/or support crime-on-credit bail bond contracts.

V.    FRAUD TRANSACTION

a. Plaintiff considers the above as rewritten and all-inclusive. Plaintiff alleges Defendant-(s) engages in and/or supports the cash and/or crime-on-credit exchange. However, a lesser credit value is switched to reflect an increased value.

    i. The cash proceeds are received from the indemnitors' and accepted and/or supported by Defendant-(s) and/or surety underwriters. Plaintiff alleges those

transaction violate 18 U.S. Code § 3142 and Cuyahoga County Courthouse judges' surety underwriter court orders. However, such cash proceeds are concealed by, and within, the Clerk of Court government's office registering process.

## VI. FRAUD CRIME CONUNDRUM

a)  Plaintiff considers the above as rewritten and all-inclusive. Moreover, if the indemnitors' proceeds received by and/or supported by Defendant-(s) are irrelevant— so are the indemnitors' signatures.

    i.  Plaintiff alleges indemnitor signatures were provided to Defendant-(s) and surety underwriters in the bail bond contractual exchange, which the Defendant-(s) received and/or supported.

    ii.  The crime-on-credit exchange violated 18 U.S. Code § 3142 and Cuyahoga County Courthouse judges' surety underwriter court orders.

b)  If the indemnitors' signature is irrelevant, then the cash, exchange, tax receipt acknowledging proceeds accepted by the surety underwriter, and/or supported by Defendant-(s) is also irrelevant.

c)  And, if the proceeds, and signature, and the cash exchange receipt are irrelevant, the insurance fiduciary bail bond policy is fraudulent and/or illegal.

d)  Subsequently, by virtue of the indemnitor's irrelevancy — each and every surety underwriting transaction by the Defendant-(s) is illegal.

e)  Plaintiff alleges, ultimately, all surety underwriters bail bond policies, sense time and memorial, are illegal.

FEDERAL CIVIL CLAIMS ONE THROUGH NINE

    Plaintiff's federal lawsuit claims Defendant-(s) allegedly engages in and/or collaborates and/or supports and/or inherited current fraud crimes, prior to and/or after 06/01/2015.

1. COUNT CIVIL LAWSUIT FRAUD

    a. <u>18 U.S. Code § 1341 - Frauds And Swindles And Court Order Modifications</u>

    b. <u>Rule 32.1(a)(6) Revoking Or Modifying Probation Or Supervised Release</u>

    c. <u>18 U.S. Code § 3142 (a)-(c) - Release Or Detention Of A Defendant Pending Trial</u>

    d. <u>18 U.S. Code § 3144 - Release Or Detention Of A Material Witness</u>: E.G. Prevent Of Justice.

1.1. Plaintiff considers the above as rewritten and all-inclusive. The Plaintiff alleges Defendant-(s) engaged in and/or supported fraud.

    a) Additionally, Plaintiff alleges Defendant-(s) engaged in and/or supported fraud methods of operation. Defendant-(s) alleged fraud occurred while registering select surety underwriting monetary instruments and/or bail bond monetary instruments and/or surety underwriter checks. Defendant-(s) allegedly engaged in and/or supported fraud instruments registered within Cuyahoga County Clerk of Court Government Offices.

      i. Plaintiff alleges Defendant-(s) employed and supported fraud to transform presumably criminal proceeds into crime free money.

      ii. Plain alleges Defendant-(s) transported select underfunded, monetary instruments to a government registry office (i.e. Clerk of Court).

Defendant-(s) allegedly engaged in and/or supported unintended

government registry reasons and/or fraud and/or illegal purposes.

b) Additionally, Plaintiff alleges Defendant-(s) engaged in and/or supported

transporting select underfunded, monetary instrument to a government

registry office, beyond using the U.S. mail. Transporting occurred to inflate,

falsely, underfunded monetary instruments (i.e. bail bond) values and/or

proceeds and/or cash worth amounts.

c) Additionally, Plaintiff alleges Defendant-(s) transported select underfunded,

monetary instrument to a government registry office. The transported

instrument allegedly failed to indicate the underfunded, bail bond, cash value

loan, and initial transaction cash value made between the indemnitor and

surety underwriter. Defendant-(s) allegedly engaged in and/or supported the

clerks' office concealing the cash that funded the surety underwriting

transaction. Plaintiff had been bullied and prevented from competing within

fraudulent areas of bail bond business, per the widow and attorney's authored

letters: "first Ralph, who's next..."

i.   Plaintiff alleges Defendant-(s) transported select underfunded, monetary

instrument to a government registry office. Defendant-(s) allegedly assign

underfunded, crime-on-credit, bonds new fraud faced values on

government monetary instruments within the registry office.

d) Additionally, Plaintiff alleges that Defendant-(s) fraud targeted select public

funds.

k)  Plaintiff considers the above as rewritten. Plaintiff also alleges Defendant-(s) support of fraud within surety underwriting and/or bail bond dealings, and more.

    i.  The Plaintiff's taxable earnings were directly, and/or indirectly, and/or collectively affected negatively.

    ii.  The collective taxable earnings affect occurred, historically, and presently from 2006-2017 and/or currently?

1.2.  11 CFR 9012.5 Inducements And/Or Illegal Payments

Plaintiff considers the above as rewritten and all-inclusive. The Plaintiff alleges Defendant-(s) engaged in and/or supported fraud that contributed to inducements and/or illegal payments, prior to and/or after 06/01/2015.

a.  Additionally, Plaintiff alleges Defendant-(s) engaging in and/or support of fraud contributed to inducements and/or illegal payments. Plaintiff alleges such fraud supported and/or financed surety underwriters' credit, cash value, loans and/or crime-on-credit, bail bonds.

    i.  Plaintiff alleges Defendant-(s) engaging in and/or support of inducements and/or illegal payments, also, financed surety underwriter, bail bonds and/or crimes, and/or syndicate.

    ii.  Plaintiff alleges Defendant-(s) engaging in and/or support of inducements and/or illegal surety underwriter payments, deceitful insurance products, also, provided cash rebates.

    iii.    Plaintiff alleges Defendant-(s) engaging in and/or support of inducements and/or illegal payments provide proceeds, fees, and commissions to bail bond members and/or syndicate.

    iv.    Plaintiff alleges Defendant-(s) engaging in and/or support of inducements and/or illegal payments provided gifts and/or gratuities and/or things of value.

    v.    Plaintiff alleges Defendant-(s) engaging in and/or support of inducements and/or illegal payments provided various forms of compensation to bail bond agents for selling deceitful insurance products.

b)  Additionally, Plaintiff alleges Defendant-(s) engaging in and/or support of inducements and/or illegal payments were, and are, produced fraudulently.

    i.    Inducements and/or illegal payments are derived also from the credit, cash value, loan (i.e. crime-on-credit) solicitation advertisements.

    ii.    Inducements and/or illegal payments are derived also from Defendant-(s) allegedly engaging in and/or supporting illicit bail bond and/or surety underwriting credit, cash value, loan (i.e. crime-on-credit) advertisements.

    iii.    Inducements and/or illegal payments are derived also from Defendant-(s) allegedly engaging in and/or supporting solicitation and/or advertisement of a) payment plans, b) car title swaps, c) $29 down payments and d) free bail bonds.

c) Additionally, Plaintiff alleges that the Defendant-(s) engaging in and/or support of fraud contributed to inducements and/or illegal payments that violated 18 U.S. Code § 3142 (a)-(c) and Cuyahoga County Courthouse judges' surety underwriter court orders, also.

    i. Inducements and/or illegal payments proceeded also from Defendant-(s) select, underfunded, surety, bail bonds.

    ii. Inducements and/or illegal payments proceeded also from Defendant-(s)' surety underwriters violating (i.e. exhibiting contempt toward) courtroom judges bail bond, court orders.

    iii. Inducements and/or illegal payments also allowed Defendant-(s)' surety underwriters to register and/or underwrite select government instruments (i.e. bail bond checks) for unintended government purposes.

    iv. Inducements and/or illegal payments also allowed Clerk of Court Offices (i.e. government office) to register and/or employ government instruments for unintended reasons.

d) Additionally, Plaintiff alleges Defendant-(s) engaging in and/or support of fraud contributed to inducements and/or illegal payments, which serve also other purposes.

    i. Inducements and/or illegal payments also influenced surety underwriting and/or bail bond and/or Clerk of Court transactions.

    ii. Inducements and/or illegal payments also influenced courthouse judges, lawyers, law enforcement, Governors' Ohio Department of

Insurance and more, public servants, involved with surety
underwriting and/or bail bond presiding matters.

iii.  Inducements and/or illegal payments, also, influenced the
administration of and/or pertaining to appointments and/or activities
affecting surety underwriting and/or bail bond matters.

e)  Additionally, Plaintiff alleges Defendant-(s) engaging in and/or support of
fraud contributed to inducements and/or illegal payments that financed
criminals' activities.

i.  Inducements and/or illegal payments also recycled, credit, cash value,
loan money through the courthouse pretrial services.

ii.  Inducements and/or illegal payments also recycled accused criminals,
repeat criminals, and career criminals through the courthouse for
fraudulent financial gain purposes.

iii.  Inducements and/or illegal payments also funded criminals' escapades
(i.e. crime waves) opposed to judges' court order releases.

iii.a. Surety underwriters', bail bond client, escapees were allowed to
repay credit, cash value, loan (i.e. crime-on-credit) monies to surety
underwriters and/or bail bond insurance companies, if not, courthouse
judges.

iv.  Inducements and/or illegal payments also supported courthouse
judges, lawyers, and surety underwriter, and courthouse personnel,
financially and administratively.

    v.    Bail bond crime-on-credit defendant-(s) court cases were, allegedly extended.

    vi.    Courtroom case extensions allow crime-on-credit bail bond clients to payback loan fees. Payment plans were charged to deceived bail bond clients. Deceived clients were obligated to Defendant-(s) and/or agents, and/or colleagues, and/or investors.

f)    Additionally, Plaintiff alleges Defendant-(s) used the certificate of compliance contract and/or document as a criminal instrument. The instrument became a tool used to secure and/or acquire inducements and/or illegal payments.

    i.    Defendant-(s) certificate of compliance was registered within the clerk of court offices.

    ii.    Defendant-(s) engaging in and/or supporting fraud contributed to inducements and/or illegal payments that, also, exhibited contempt toward surety underwriters' agreed upon certificate of compliance contractual obligations.

    iii.    The certificate of compliance was also used as means and/or tool to engage in and/or support Defendant-(s) engaging in and/or supporting fraud contributed to inducements and/or illegal payments.

g)    Additionally, the Plaintiff alleges Defendant-(s) engaging in and/or support of inducements and/or illegal payments supported a pattern of pay-to-play gimmicks.

h)  Plaintiff considers the above as rewritten. Plaintiff also alleges Defendant-(s) engaging in and/or support of inducements and/or illegal payments within surety underwriting and/or bail bond dealings, and more.

    iii.  The Plaintiff's taxable earnings were directly, and/or indirectly, and/or collectively affected negatively.

    iv.  The collective taxable earnings affect occurred, historically, and presently from 2006-2017 and/or currently?

2.  COUNT CIVIL LAWSUIT

<u>18 U.S. Code § 371 - Conspiracy To Commit Fraud Offense Or To Defraud United States</u>

Plaintiff alleges Defendant-(s) engaged in and/or supported a fraud conspiracy.

2.1. Plaintiff considers the above as rewritten. Plaintiff also alleges Defendant-(s) support of conspiracy to commit fraud within surety underwriting and/or bail bond dealings, and more.

3.  COUNT CIVIL LAWSUIT

<u>19 U.S. Code § 1592 (a)(1)(A)(i)(ii)(B)- Penalties For Fraud, Gross NEGLIGENCE, And Negligence</u>

Plaintiff alleges Defendant-(s) engaged in and/or supported NEGLIGENCE, prior to and/or after 06/01/2015.

3.1. Plaintiff considers the above as rewritten and all-inclusive. Plaintiff alleges Defendant-(s) engaged in and/or supported negligence. Plaintiff alleges Defendant-(s) embraced ill intent. Defendant-(s) allegedly selling and/or supporting crime-on-credit

as bail bond insurance ignored fiduciary trust placed in Defendant-(s) by indemnitors. Plaintiff had been bullied and prevented from competing within fraudulent areas of bail bond business, per the widow and attorney's authored letters: "first Ralph, who's next…"

   a) Additionally, Plaintiff alleges Defendant-(s) negligence also occurred concerning bail bond and/or surety underwriting conduct and/or care and/or business dealings.

      i. Defendant-(s) allegedly failed to take proper care in bail bond and/or surety underwriting matters.

      ii. Additionally, Plaintiff alleges Defendant-(s) was negligent in the employment and/or support of government approved, bail bond, insurance, monetary instruments.

      iii. Additionally, Plaintiff alleges Defendant-(s) was negligent within complying and/or supporting and/or opposed to undermining the certificate of compliance contract and judges court orders pertaining to bail bonds.

      iv. Defendant-(s) alleged negligence also breached the certificate compliance contractual agreement.

   a) Plaintiff considers the above as rewritten. Plaintiff also alleges Defendant-(s) support of negligence within surety underwriting and/or bail bond dealings, and more.

4. COUNT CIVIL LAWSUIT

<u>19 U.S. Code § 1592- Penalties For Fraud, GROSS NEGLIGENCE, And Negligence</u>

Plaintiff alleges Defendant-(s) engaged in and/or supported GROSS NEGLIGENCE, prior to and/or after 06/01/2015.

4.1. Plaintiff considers the above as rewritten and all-inclusive. The Plaintiff alleges Defendant-(s) was gross negligent.

    a)  Plaintiff alleges Defendant-(s) was careless and/or exhibited less than ordinary care and/or proper care or conduct in surety underwriter bail bond business within Cuyahoga County Clerk of Court Office.

        i.  Plaintiff alleges Defendant-(s) care and/or conduct was less than expected of a normal person engaging in surety underwriting, bail bond, insurance matters.

    b)  Plaintiff alleges Defendant-(s) employed and/or supported certificate of compliance for fraudulent usage. The certificate became a criminal instrument used to perpetuate gross negligence actions.

        i.  Defendant-(s) certificate of compliance was registered within the clerk of court offices.

        ii.  Defendant-(s) alleged gross negligence exhibited contempt toward the certificate of compliance contractual obligations.

        iii.  The certificate of compliance was also used as means and/or tool to engage in and/or support Defendant-(s) gross negligence.

    c)  The Plaintiff considers the above as rewritten. Additionally, the Plaintiff alleges Defendant-(s) engaged in and/or supported gross negligence in the employment of bail bond and/or surety underwriting, monetary instruments.

    i.   The Plaintiff alleges Defendant-(s) gross negligence occurred during a time-period, prior to 06/01/2015 and/or after.

    ii.   The time-period occurred while the Defendant-(s)' certificate of compliance was registered in Cleveland Municipal Clerk of Courts and/or Cuyahoga County Clerk of Court.

c) Plaintiff considers the above as rewritten. Additionally, Plaintiff alleges Defendant-(s) established and/or supported a gross negligence pattern.

    i.   The pattern employed and/or supported bail bond and/or surety underwriting insurance gross negligent dealings.

    ii.   Those gross negligent dealings affected Plaintiff's past, present, and current taxable earnings.

    v.   The Plaintiff's taxable earnings were directly, and/or indirectly, and/or collectively affected negatively.

    vi.   The collective taxable earnings affect occurred, historically, and presently from 2006-2017 and/or currently?

5. COUNT CIVIL LAWSUIT

25 CFR 11.414 – Misappropriation Of Funds

Plaintiff alleges Defendant-(s) engaged in and/or supported misappropriation of funds, prior to and/or after 06/01/2015.

5.1. Plaintiff considers the above as rewritten and all-inclusive. The Plaintiff alleges Defendant-(s) misappropriated funds, prior to 06/01/2015 and/or after.

a) Additionally, Plaintiff alleges Defendant-(s) engaged in and/or supported theft and/or misappropriation of funds.

6.  COUNT CIVIL LAWSUIT

18 U.S.C. § 1503 Obstructing Justice To Conceal Fraud And More

Plaintiff alleges Defendant-(s) engaged in and/or supported obstructing justice to conceal fraud, prior to and/or after 06/01/2015.

6.1. Plaintiff considers the above as rewritten. Plaintiff also alleges Defendant-(s) engaged in and/or supported obstructing justice to conceal the following, and more.

   a)  Plaintiff alleges Defendant-(s) avoided reporting concerns about credit, cash value, loans (i.e. crime-on-credit) to courthouse judges, state insurance regulatory officials, and courthouse and other government officials.

      i.  Plaintiff alleges that Defendant-(s) selectively rewarded, and/or supported rewarding, victims' of crime perpetrators with credit, cash value, loans to gain releases from courthouse jails.

   b)  Plaintiff alleges Defendant-(s) are empowered by a government office to engage in obstructing justice to conceal fraud.

   c)  Plaintiff alleges that Defendants-(s) rewarding, and/or supporting victims' of crime perpetrators with credit, cash value, loans were crimes against local, state, and federal government.

      i.  Plaintiff alleges that Defendants-(s) rewarding, and/or supporting victims' of crime perpetrators with credit, cash value, loans— further— posed threats to more victims of crime, victims who qualify to receive government issued victim of crime cash support.

ii.     Plaintiff alleges that Defendants obstructing of justice, fraud, and criminal exploits pose a threat to victims of crime victims.

iii.    Plaintiff alleges that Defendant-(s) bail bond clients' cash value, crime-on-credit, loans and/or proceeds, also, finances additional surety underwriter clients' crimes against victims of crimes.

iv.     Plaintiff alleges that Defendant-(s) obstructing of justice and fraudulent proceeds are tied to victims of crime money.

d)  Plaintiff alleges that Defendant-(s) financially supplemented and/or supported such with obstructing justice to conceal fraud aspect with tax dollars allotted to Clerk of Court office.

i.      Taxpayers' dollars are used to finance crimes against more preyed upon victims of crimes.

e)  Plaintiff alleges that Defendant-(s) obstructing justice to conceal fraud exploits, and/or support of the same, are tied to crime-on-credit advertisements.

i.      Plaintiff alleges Defendant-(s) obstructing justice contribute to and/or support the aforesaid crime-on-credit obstructing justice to conceal fraud by the advertisement, which is not mentioned by courthouse officials.

f)  Plaintiff alleges that Defendant-(s) obstructing justice dealings, and/or support thereof, affected the Plaintiff's past, present, and current taxable earnings.

i.      The Plaintiff's taxable earnings were directly, and/or indirectly, and/or collectively affected negatively.

ii. The collective taxable earnings affect occurred, historically, and presently from 2006-2017 and/or currently.

7. COUNT CIVIL LAWSUIT PROHIBITED ACTIVITIES

18 U.S. Code § 1962 (a)(b)(c)(d)- Prohibited activities

18 U.S. Code § 1964(c) - Civil remedies

Plaintiff alleges Defendant-(s) engaged in and/or supported prohibited activities to conceal fraud, prior to and/or after 06/01/2015.

7.1. Plaintiff also considers the above as rewritten and all-inclusive. Plaintiff also alleges Defendant-(s) engaged in and/or supported the benefits of prohibited activities, prior to and/or after 06/01/2015

Defendant-(s) engaged in and/or supported collecting unlawful debt and the accumulation of deceitful derived income.

a) Plaintiff considers the above as rewritten. Plaintiff also alleges Defendant-(s) engaged in dishonest and fraudulent bail bond business dealings.

b) Plaintiff also alleges Defendant-(s) engaged in and/or supported prohibited activities while employing select insurance monetary practices.

c) Plaintiff considers the above as rewritten. Plaintiff also alleges Defendant-(s) engaged in and/or supported prohibited activities involving the certificate of compliance contract terms, and/or surety underwriting business practices.

i. Plaintiff considers the above as rewritten. Plaintiff also alleges Defendant-(s) employed the certificate of compliance to issue and/or offer surety underwriting credit, loan cash value (i.e. crime-on-credit) bail bond insurance policies.

    ii.   Plaintiff considers the above as rewritten. Plaintiff also alleges Defendant-(s) employed the certificate to establish and/or advance prohibited activities.

d)  Plaintiff considers the above as rewritten. Plaintiff also alleges the solicitation advertisement-(s) offered bail bond client credit, loan cash value (i.e. crime-on-credit) bail bond to utilize and/or represent racketeering.

    i.   Plaintiff considers the above as rewritten. Plaintiff also alleges Defendant-(s) prohibited activities benefited accused criminals as well.

    ii.   Plaintiff considers the above as rewritten. Plaintiff also alleges Defendant-(s) prohibited activities provided a means for accused courthouse criminals to provide the courthouse with bail bonds.

    iii.   Plaintiff considers the above as rewritten. Plaintiff also alleges Defendant-(s) prohibited activities bail bonds allowed accused criminal to be released from jail within the courthouse.

b)  Plaintiff considers the above as rewritten. Plaintiff also alleges Defendant-(s) support prohibited activities within surety underwriting and/or bail bond dealings, and more.

    i.   The Plaintiff's taxable earnings were directly, and/or indirectly, and/or collectively affected negatively.

    ii.   The collective taxable earnings affect occurred, historically, and presently from 2006-2017 and/or currently.

8.  COUNT CIVIL LAWSUIT

Mode of recovery U.S.C. § 981(a)(1)(C)(D)(i)-(vi) and 28 U.S.C. § 2461(c) execution on the judgment rendered in such case, as in civil actions:.

All co-conspirators are jointly and severally liable for the full amount of the proceeds of the conspiracy;

8.1 Plaintiff also considers the above as rewritten and all-inclusive. Plaintiff also alleges Defendant-(s) engaging in and/or supporting the aforementioned activity harms Plaintiff.

    a.  It is from those alleged aforementioned crimes that the Plaintiff brings the Mode of recovery U.S.C. § 981(a)(1)(C)(D)(i)-(vi) and 28 U.S.C. § 2461(c) civil claim.

        i.  The Plaintiff's taxable earnings were directly, and/or indirectly, and/or collectively affected negatively.

       ii.  The collective taxable earnings affect occurred, historically, and presently from 2006-2017 and/or currently.

9   COUNT CIVIL LAWSUIT

    18 .S. Code § 1349 - Attempt And Conspiracy To Commit Fraud:

9.2. Plaintiff also considers the above as rewritten and all-inclusive. Plaintiff also alleges Defendant-(s) engaged in and/or supported the aforementioned activity harms Plaintiff.

    a)  It is from those alleged aforementioned crimes that the Plaintiff brings the Attempt And Conspiracy To Commit Fraud civil claim.

        i.  The Plaintiff's taxable earnings were directly, and/or indirectly, and/or collectively affected negatively.

ii.   The collective taxable earnings affect occurred, historically, and presently from 2006-2017 and/or currently.

FRAUD, CONCEALMENT OF ASSETS, AND STATUTE OF LIMITATION
AND CIRCUMSTANTIAL EVIDENCE CITED LAWS

    iv.  Plaintiff alleges that Cleveland's surety underwriters have gained corruptible financial proceeds, since at least the 90s.

    v.  Plaintiff alleges that Cleveland's surety underwriters have contorted government laws, involving bail bond financial proceeds, for decades if not a half-of-century.

2)  CIRCUMSTANTIAL EVIDENCE RELATED AND APPLICABLE CASE LAW.

<u>06-1005 United States v. Santos (6/2/08) - Supreme Court of the ...</u>

    i.  As for the knowledge element of frauds, swindles, inducements, illegal payments, prohibited financial activities, and misappropriation of funds and related financial crimes and allegation offenses—whereby knowledge that the transaction involves profits of unlawful activity, that knowledge will be provable (as knowledge must almost always be proved) by circumstantial evidence.

    ii.  Moreover, the Plaintiff will be entitled to a willful blindness instruction...

    iii.  On page 2 of summary notes involving the U.S. Supreme Court and BULLOCK v. BANKCHAMPAIGN, N. A., willful blindness refers to fiduciary "consciously disregards." Willfully blindness, also, refers to taking, "a substantial and unjustifiable risk" that his [i.e. Defendant-(s)] conduct will violate a fiduciary duty.  Pp. 5−7.

financial crimes involves financial concealment matters: 18 U.S. Code § 981(D)(iv) - Civil forfeiture concealment of assets.

    i.    Therefore, the following cited law weighs heavily in, and upon, the Plaintiff's allegations: *burchinal v. united states*, 342 f.2d 982, 985 (10th cir.), *cert. denied*, 382 u.s. 843 (1965), 18 u.s.c. § 3284.

4.  To be sure — within several parking lots— occurring in visual sight, across West Third Street, and west of Cuyahoga County Justice Center, crime-on-credit advertisements presently exists in 2017.

    i.    Additionally, within the current (2017) time fame involving fraud, swindles, inducements, illegal payments, prohibited financial activities, and misappropriation of funds and related financial crimes and allegations — the statute of limitations has no adverse bearing on current alleged illicit activities.

5.  As such, and in view of aforementioned circumstances, the Plaintiff prays the most honorable court allow Plaintiff's allegations be presented before a jury and court of law.

    i.    Not versed in law, Plaintiff maintains that —Defendant-(s) — as alleged should not be able to wreak from the fruits of fraud and related corruption.

    ii.    Plaintiff, alleges that—Defendant-(s) should not be able to hide behind governments' invincible statute of limitation, for unintended reasons of protection.

    iii.  Plaintiff, alleges that Cleveland's surety underwriter industry of bail bond, agents, agencies, and owners have historically hide behind the invincible umbrella of political connections.

1) FINANCIAL CONCEALMENT IMPACT UPON THE STATUTE OF LIMITATIONS

1. The Plaintiffs alleges that fraud, swindles, inducements, illegal payments, prohibited financial activities, and misappropriation of funds and related financial crimes emanates from surety underwriting, bail bond, credit, cash value, loan (i.e. crime-on-credit. Additionally, swopping insurance bail bonds, car titles, credit, loans emanate from surety underwriters' solicitation advertisements.

   i.   Such trade-offs promote and/or consist of surety underwriters (i.e. insurance banks) shifting and/or concealing forfeiture, cash value, liability.

   ii.  Such acts of concealment provide accused criminals freedom under the pretense of issuing, court ordered, federal government approved insurance bail bonds

   iii. Furthermore, concealing proceeds and finances are at the core of frauds, swindles, inducements, illegal payments, prohibited financial activities, and misappropriation of funds and related financial crimes and allegations.

2. Subsequently, statute of limitations takes special note of financial concealment issues.

   i.   Statute of limitations provide unique provisions regarding financial concealment issues.

   ii.  Statute of limitations merits special consideration in financial concealment matters brought before the honorable court.

3. Concealment of financial issues such as fraud, swindles, inducements, illegal payments, prohibited financial activities, and misappropriation of funds and related

PREFIX: CIRCUMSTANTIAL EVIDENCE

PREFIX: CIRCUMSTANTIAL EVIDENCE

1.  CIRCUMSTANTIAL EVIDENCE RELATED AND APPLICABLE CASE LAW.......1

**06-1005 United States v. Santos (6/2/08) - Supreme Court of the ...**

2.  CIRCUMSTANTIAL EVIDENCE INTRODUCTION                .........2

3.  CIRCUMSTANTIAL EVIDENCE SHARED INTEREST                ........3

4.  CIRCUMSTANTIAL EVIDENCE AND PLAINTIFF'S BAIL BOND BUSINESS......4

    a.1 MOBSTERS AND RACKETEERS RULES OF EXTORTION            ........5

5.  CIRCUMSTANTIAL EVIDENCE PUBLIC OFFICIALS AND FRAUD

    INFLUENCES                            .......... ...6

6.  CIRCUMSTANTIAL EVIDENCE AND GOVERNMENT OFFICES        ...…....8

7.  CIRCUMSTANTIAL EVIDENCE COURTHOUSE OFFICIALS AND ORGANIZED

    CRIME                                ........10

8.  CIRCUMSTANTIAL EVIDENCE COURTHOUSE OFFICIALS AND ORGANIZED

    CRIME AND OHIO GOVERNOR                    ..........11

9. LAWYERS, CIRCUMSTANTIAL EVIDENCE, AND FRAUD INFLUENCE   .......12

10. CIRCUMSTANTIAL EVIDENCE COURTHOUSE OFFICIALS AND ORGANIZED

   CRIME AND CUYAHOGA COUNTY CHIEF SHERIFF                 .......13

11. CIRCUMSTANTIAL EVIDENCE AND DEFENDANT-(S) BREACH CONTRACT..15

12. CIRCUMSTANTIAL EVIDENCE AND DEFENDANT-(S) AND TAXPAYERS......17

13. CIRCUMSTANTIAL EVIDENCE AND DEFENDANT-(S) INFRINGED UPON

   PLAINTIFF'S CONSTITUTIONAL' 14TH AMENDMENT RIGHT        ......18

1.  CIRCUMSTANTIAL EVIDENCE RELATED AND APPLICABLE CASE LAW.

06-1005 United States v. Santos (6/2/08) - Supreme Court opinion includes the Honorable U.S. Supreme Court Justice who refers to money laundering, which is a facet of misappropriating funds.

1.1. Similarly, the Plaintiff references fraud. Allegedly, fraud is motivated to misappropriate financial funds and/or to produce ill-gotten financial funds.

1.2. Plaintiff alleges Defendant-(s) engaged in and/or supported surety underwriter, credit, cash value, bail bond loans (i.e. crime-on-credit) to misappropriate financial funds and/or to produce ill-gotten financial funds.

   a.  Fraud and other alleged crimes occurred prior to and after 06/01/2015.

   b.  Fraud and other alleged crimes continues in 2017, within Cuyahoga County Justice Center and Clerk of Courts.

      i.    Plaintiff refers to the Honorable U.S. Supreme Court Justice opinion, more or less. As for the knowledge element of the fraud motivated to misappropriate funds and/or to produce ill-gotten financial funds, for which, the Plaintiff alleges Defendant-(s) engaged in and/or supported in various surety underwriter forms.

      ii.   Plaintiff alleges fraud acts were, also, motivated to convert bail bonds transactions financial worth.

      iii.  Plaintiff alleges Defendant-(s) engaged in and/or supported entering into transactions with indemnitors.

      iv.   Plaintiff alleges Defendant-(s) transactions used government approved monetary instruments to acquire profits through unlawful activity.

      i.i. Similarly, following the Justices' opinion, financial acts will be provable (as knowledge must almost always be proved) by circumstantial evidence. Justices' expanded their opinion to include will blindness instructions.

  v.    Moreover, pursuit to financial acts (i.e. fraud motivated to misappropriate funds and/or to produce ill-gotten financial funds), which circumstantial evidence proves, such evidence entitles the Plaintiff to a "willful blindness instruction…"

## 2. CIRCUMSTANTIAL EVIDENCE INTRODUCTION

Plaintiff considers the above as rewritten and inclusive. Plaintiff alleges circumstantial evidence helps. Such evidence begins to clarify and/or suggest Defendant-(s) inherited relationships, means, methods, opportunities and motives regarding fraud.

a) Additionally, circumstantial evidence helps provide more awareness. Plaintiff alleges circumstantial evidence helps reveal Defendant-(s) engaging in and/or supporting and/or financing credit or partial surety underwriter funds. Plaintiff alleges circumstantial evidence helps reveal Defendant-(s) contempt toward 18 U.S. Code § 3142 (a)-(c) and Cuyahoga County Courthouse judges' bail bond court orders.

  i.    Additionally, Plaintiff alleges circumstantial evidence helps provide more awareness. Defendant-(s) allegedly registered credit and/or partially financed surety underwriter funded bail bonds and/or supporting the same.

  ii.  Additionally, Plaintiff alleges circumstantial evidence helps provide more additional awareness. Defendant-(s) alleged fraud process depended upon Cleveland Municipal and Cuyahoga County Clerk Office clerks.

    iii. Additionally, Plaintiff alleges circumstantial evidence helps provide more additional awareness. Defendant-(s) alleged fraud process depended upon receiving judges and/or public servants and/or Ohio Governor's insurance oversight and/or regulatory agency support.

a) Additionally, Plaintiff alleges circumstantial evidence helps provide more additional awareness. Defendant-(s) alleged fraud process concealed the actual funding source of financing credit or partial surety underwriter funds bonds.

b) Additionally, Plaintiff alleges circumstantial evidence helps provide more additional awareness. Defendant-(s) alleged fraud process violated, with contempt, the government office's certificate of compliance.

c) Additionally, Plaintiff alleges circumstantial evidence helps provide more additional awareness. Defendant-(s) alleged fraud process violated, with contempt, judges' constitutional court orders requirement for bail bonds.

3. CIRCUMSTANTIAL EVIDENCE SHARED INTEREST

Plaintiff considers the above as rewritten and inclusive. Circumstantial evidence helps provide more additional awareness.

a) Defendant-(s) allegedly inherited undue political and syndicated influences, which Defendant-(s) championed prior to and after 06/01/2015.

b) Plaintiff alleges that influences Defendant-(s) inherited adversely affected the Plaintiff to earn a living in the career chosen, for which requires the Plaintiff to request a trial by jury.

3.1. Plaintiff prays exhibits, photographs, documents, and letters will be permitted in the jury trial as circumstantial evidence.

   i.   Plaintiff considers above as rewritten. Plaintiff alleges Defendant-(s) shared and/or supported deceitful interest with courthouse officials.

   ii.  Plaintiff alleges Defendant-(s) championed fraud and other surety underwriting, bail bond, dealings.

   iii. Specifically, Defendant-(s) had access to, and/or inherited, and/or supported, and/or benefited from — unequalled, powerful, undue influences denied to the Plaintiff as a bail bond agent, owner, and independent entrepreneur.

4. CIRCUMSTANTIAL EVIDENCE AND PLAINTIFF'S BAIL BOND BUSINESS

   Plaintiff considers the above as rewritten and inclusive. Plaintiff alleges circumstantial evidence, documents, photographs, and letters provide additional evidence. Defendant-(s) allegedly inherited relationships, means, methods, opportunities and motives regarding fraud and related crimes. Plaintiff alleges circumstantial evidence helps reveal that Defendant-(s) championed the former fraud elements prior to and after 06/01/2015.

   a)  Additionally, Plaintiff alleges circumstantial evidence helps provide more awareness. Plaintiff alleges Defendant-(s) inherited power that led to fraud and related crimes.

       i.  Plaintiff alleges circumstantial evidence helps provide more additional awareness.

  ii.  Plaintiff alleges Defendant-(s) inherited power to influence other bail bond agents within Cleveland's market, which Defendant-(s) supported and/or benefited.

  ii.  Additionally, Plaintiff alleges circumstantial evidence included letters. One letter is authored by an intimidated senior citizen, female bail bond owner and widow — Mary Kelly.

  iii.  Plaintiff circumstantial evidence includes letters from a widowed bail bond owner Mark Kelly, the Plaintiff's former bail bond employer.


## a.1 MOBSTERS AND RACKETEERS RULES OF EXTORTION

  i.  Mary Kelly of Dan Kelly's AA Able Bail Bond initial excerpt reveals, "Right from the start [the 90s] 'THEY told' me to get rid of Ralph…and a couple bondsmen were forging judges' signatures…." Defendant-(s) inherited and/or supported same said surety underwriting practices.

  ii.  Allegedly, the letter reveals how Mrs. Kelly, and her once well-regarded agent, the Plaintiff, were bullied.

  iii.  Allegedly, the letter reveals how the widow, and agent, were pitted against one another.

  iv.  Allegedly, the letter reveals how, both, were forced out of the bail bond business. Defendant-(s) allegedly inherited and/or supported same said business practices, which led to promoting and/or engaging in and/or supporting fraud.

     v.  Allegedly, the letter reveal frauds' free existence, and racketeering, known to exist within the surety underwriting, bail bond insurance business, well into 1990, and/or before.

  b)  Additionally, Plaintiff alleges circumstantial evidence helps provide more additional awareness. Defendant-(s) allegedly inherited power to influence Mary.

     i.  Allegedly, Mary's subsequent change of heart confessed a guilt about undue influences. Mary's confession was expressed and recorded within case number CV-04-52068.

    ii.  Allegedly, the case arose out committing fraud, intimidating, and bullying the Plaintiff. The motive involved misappropriating surety underwriters' funds belonging to the Plaintiff.

    ii.  Additionally and allegedly, circumstantial evidence and letter provides more awareness of inherited undue influence available to Defendant-(s).

5. CIRCUMSTANTIAL EVIDENCE PUBLIC OFFICIALS AND FRAUD INFLUENCES
Plaintiff considers the above as rewritten and inclusive. Additionally, circumstantial evidence helps provide more awareness. Allegedly, Defendant-(s) inherited political power from public officials.

     i.  Additionally, circumstantial evidence helps provide more awareness. Allegedly, Defendant-(s) inherited political power from public officials that contributed to Defendant-(s) engaging in and/or supported fraud and other allegations.

    ii. Additionally, Plaintiff alleges circumstantial evidence provides more named indictments. Resulting convictions proved public officials involved in crimes of fraud motivated to misappropriate funds and/or to produce ill-gotten financial funds. Convicts included Cuyahoga County Judges McCafferty and Steven Terry; former Ohio Governor Bob Taft; former Cuyaihoga County Chief Sheriff Gerald McFaul; former Cleveland Municipal Chief Clerk Benny Bonanno, and former Acting Cuyahoga County Chief Clerk Mark Lime.

    iii. It is alleged in various media forms, that there exist a Bonanno crime family. The Plaintiff alleges the Bonanno name is the epitome of undue influence within Cuyahoga County Court System.

    iv. Nevertheless, each aforementioned conviction of public servants involved crimes of public funds misused and/or misappropriated.

a) Plaintiff alleges circumstantial evidence provides more additional awareness. Allegedly, Defendant-(s) reveal their methods and opportunities to act on and/or commit fraud and/or create fraud opportunities to support.

    i. Plaintiff alleges Defendant-(s) picked from the fruit of corruption. Each indicted, convicted— and in some instances imprisoned persons— and/or their likeminded successors provide more of the aforementioned fruit.

    ii. Plaintiff additionally alleges Defendant-(s) accessed and/or supported and/or exploited the fruits of corruption. Each named and indicted person was imprisoned but Cuyahoga County Sheriff McFaul and Ohio's Governor Bob Taft.

b) Plaintiff alleges circumstantial evidence helps provide more additional awareness. Defendant-(s) allegedly inherited fraud methods and opportunities.

    i.  Plaintiff additionally alleges Defendant-(s) and each indicted, convicted— and in some instances imprisoned persons— or likeminded successors had an opportunity to expose fraud and other crimes.

    ii.  Plaintiff additionally alleges Defendant-(s) and each indicted person failed to reveal fraud's high probability of existence within Cuyahoga County Justice Center. Defendant-(s) allegedly created fraud opportunities to misuse funds. Defendant-(s) allegedly failed to act on conditions indicating frauds' existence, and/or that fraud would exist within the near future.

    iii.  Plaintiff additionally alleges that Defendant-(s) and indicted persons deliberately avoided exposing and/or investigating the truth about fraud's prevalence within Cuyahoga County Courthouse.

    iv.  Plaintiff alleges that circumstantial evidence helps provide more additional awareness. Defendant-(s) allegedly, encouraged fraud and misuse of public money, which motived other crimes. Defendant-(s) allegedly embraced undue influences of each indicted, convicted— and in some instances imprisoned persons.

6. CIRCUMSTANTIAL EVIDENCE AND GOVERNMENT OFFICES

Plaintiff considers the above as rewritten and inclusive. Plaintiff alleges circumstantial evidence helps provide more additional awareness. Defendant-(s) allegedly adopted methods and opportunities and/or inherited undo influences. Undue influences were employed within Cleveland Municipal and Cuyahoga County Clerk of Courts.

a) Additionally, circumstantial evidence provide more awareness. Plaintiff alleges Defendant-(s) inherited organized crime influence within same said government offices.

   i. Additionally and allegedly, circumstantial evidence helps provide more awareness about Defendant-(s) racketeering influence within the aforementioned government offices.

   ii. Additionally and allegedly, circumstantial evidence helps provide more awareness about Defendant-(s) misuse of public funds.

   iii. Additionally and allegedly, circumstantial evidence helps provide more awareness. Defendant-(s) allegedly adopting criminal behavior of public servants who were indicted, convicted and imprisoned (with two exceptions).

   iv. Additionally, circumstantial evidence helps provide more awareness about how Defendant-(s) essentially patterned their surety underwriting. Defendant-(s) allegedly adopted patterns after the indicted, convicted, and imprisoned (with two exceptions) successors of criminal public servants.

   v. Additionally, circumstantial evidence helps provide more awareness. Defendant-(s) essentially relied upon likeminded successors of criminal public servants. Defendant-(s) allegedly employed the former alliances to regulate and/or approve and/or enforce and/or confirmed Defendant-(s) bond's racket.

b) Additionally, circumstantial evidence helps provide more awareness. Defendant-(s) adopted corrupt public servants misuse and/or misappropriation of funds.

    i.   Additionally, circumstantial evidence helps provide more awareness. Defendant-(s) allegedly benefited from corrupt public servants criminal patterns of misappropriation of funds.

    ii.   Additionally, circumstantial evidence helps provide more awareness. Defendant-(s) relied upon corrupt public servants and/or their successors funds.

    iii.   Additionally, circumstantial evidence help provide more awareness. Defendant-(s) chose not to expose — crime-on-credit double value— bonds registered within both Clerk of Court government offices.

c)   Additionally, circumstantial evidence helps provide more awareness. Defendant-(s) allegedly counted on the calculating carelessness of each indicted, convicted, and imprisoned (with two exceptions) public servants and/or their successors' criminal slackness.

## 7. CIRCUMSTANTIAL EVIDENCE COURTHOUSE OFFICIALS AND ORGANIZED CRIME

Plaintiff considers above as rewritten and inclusive. Additionally and allegedly, circumstantial evidence helps provide more awareness about how Defendant-(s) and courthouse officials' welded inherited influence — within the surety underwriting, bail bond, business.

a)   Additionally and allegedly, circumstantial evidence helps provide more awareness. Allegedly, Defendant-(s) and courthouse officials' undue influence appears as organized crime.

i. Additionally, circumstantial evidence helps provide more awareness. Allegedly, Defendant-(s) and courthouse officials' inherited undue influence produced racketeering and fraud and other crimes. Allegedly, surety underwriting within Cuyahoga County Justice Center was ruled by the aforementioned criminal elements.

b) Additionally, circumstantial evidence helps provide more awareness. Allegedly, Defendant-(s) and other surety underwriters inherited the ability to employ courthouse officials' oversight to engage in and/or support racketeering.

i. Additionally, circumstantial evidence helps provide more awareness. Allegedly, Defendant-(s) employed courthouse officials' and successors to target contempt toward the certificate of compliance.

ii. Additionally, circumstantial evidence helps provide more awareness. Allegedly, Defendant-(s) employed courthouse officials' and successors to engaging in and/or support for fraud and other crimes.

iii. Additionally, circumstantial evidence helps provide more awareness. Allegedly, Defendant-(s) employed courthouse officials' and successors to benefit from the certificate of compliance fruits of corruption and fraudulent activities.

iv. Additionally, circumstantial evidence helps provide more awareness. Allegedly, Defendant-(s) employed courthouse officials' and their successors to overlook the certificate of compliance racketeering connection.

8. CIRCUMSTANTIAL EVIDENCE COURTHOUSE OFFICIALS AND ORGANIZED CRIME AND OHIO GOVERNOR

Plaintiff considers above as rewritten and inclusive. Additionally, circumstantial evidence helps provide more awareness. Allegedly, Defendant-(s) inherited the ability to employ, adversely, Ohio Governor's office and/or his successors' oversight.

a) Additionally, circumstantial evidence helps provide more awareness. Allegedly, Defendant-(s) inherited the ability to employ Ohio Governor Bob Taft and/or his likeminded successors' to engage in and/or support racketeering.

   i. Additionally, circumstantial evidence helps provide more awareness. Allegedly, Defendant-(s) inherited the ability to employ Ohio Governor Bob Taft and/or his successors' to approve and/or fail to regulate Defendant-(s) certificate of compliance surety underwriting.

   ii. Additionally, circumstantial evidence helps provide more awareness. Allegedly, Defendant-(s) inherited the ability to employ Ohio Governor Bob Taft and/or his successors' to engage in and/or support illicit certificate of compliance surety underwriting.

9. LAWYERS, CIRCUMSTANTIAL EVIDENCE, AND FRAUD INFLUENCE

Plaintiff considers above as rewritten and inclusive. Additionally, circumstantial evidence helps provide more awareness. Allegedly, Defendant-(s) inherited the ability to influence lawyers.

a) Additionally, circumstantial evidence helps provide more lawyers' awareness of racketeering occurring within courthouse construct.

     i.   Lawyers who wrote letters included Timothy Kucharski, James Willis, Friedman,

         Michael Peterson, James Young, Mark McClain, and David Grant among others.

  b)  Additionally, circumstantial evidence helps provide more awareness. Allegedly,

     documents expose a pattern of financial crimes adopted by, known by, and/or

     inherited by, and/or supported by Defendant-(s). Allegedly, Defendant-(s) were able

     to do engage in and/or support a pattern of financial crimes because of their certificate

     of contract relationship.

     i.   Defendant-(s) and public officials, allegedly, showed contempt and willful

         blindness toward engaging in, and/or supporting, and/or for committing fraud.

  c)  Additionally, circumstantial evidence helps provide more awareness. Each lawyers'

     letter expresses concern about bias, surety underwriter, practices of injustice, and bail

     bond liability. Defendant-(s) allegedly, inherited and/or supported and/or employed

     similar fraud related tactics.

     i.   Each lawyers' letter also expresses bail bond corruption concerns within

         Cuyahoga County Justice Center.

  d)  Additionally, circumstantial evidence helps provide more awareness of a historical

     incubation period of financial crimes to come.

Additionally, circumstantial evidence helps provide more awareness. Allegedly,

     Defendant-(s) crimes developed/maturated into full-blown fraud and other crimes,

     which points to the willful blindness clause.

## 10. CIRCUMSTANTIAL EVIDENCE COURTHOUSE OFFICIALS AND ORGANIZED CRIME AND CUYAHOGA COUNTY CHIEF SHERIFF

Plaintiff considers above as rewritten and inclusive. Additionally, circumstantial evidence helps provide more awareness. Allegedly, Defendant-(s) inherited the ability to employ Cuyahoga County Chief Sheriff Gerald McFaul and/or his successors' oversight. Allegedly, each Defendant-(s) certificate of compliance offense was secured and protected by Chief Sheriff McFaul and/or his underlings and/or successors.

a) Plaintiff considers the above as rewritten. Plaintiff alleges Defendant-(s) certificate of compliance illicit registry dealings were beyond investigation because of convicted Chief Sheriff McFaul and/or his underlings.   .

   i. Additionally, circumstantial evidence helps provide more awareness. Allegedly, Defendant-(s) inherited the ability to employ Cuyahoga County Chief Sheriff Gerald McFaul and/or his successors' not to regulate or investigate illicit activities. Allegedly, Defendant-(s) certificate of compliance within Cuyahoga County Justice Center provide more immunity to investigating fraud and related crimes.

   ii. Additionally, circumstantial evidence helps provide more awareness. Allegedly, Defendant-(s) inherited the ability to employ Cuyahoga County Chief Sheriff Gerald McFaul and/or his successors. Allegedly, McFaul provide more a legitimate security appearance, which reflected upon the certificate of compliance contractual relationship with Defendant-(s). Allegedly, McFaul provide more Defendant-(s) immunity against fraud being investigated by McFaul and prosecuted within Cuyahoga County Courthouse.

   iii. Additionally, circumstantial evidence helps provide more awareness. Allegedly, Defendant-(s) inherited the ability to employ Cuyahoga County Chief Sheriff

Gerald McFaul and/or his successors. Allegedly, McFaul and/or successors exploited the relationship between Defendant-(s) engaging in and/or supporting and/or registering select fraudulent bail bonds within the clerks' office.

iv. Additionally, circumstantial evidence helps provide more awareness. Allegedly, Defendant-(s) inherited the ability to employ Cuyahoga County Chief Sheriff Gerald McFaul and/or his successors' to block any safety force investigation into crime-on-credit and/or fraud and/or other related crimes.

b) Additionally, circumstantial evidence helps provide more awareness. Allegedly, Defendant-(s) inherited a pattern of relying on the chief sheriff to condone financial crimes of chance.

i. The chief was indicted and convicted for, among other reasons, bias and/or bogus law enforcement.

ii. Financial gain crimes, games of chance, and inducements and misappropriation of public funds were attributed to Cuyahoga County's chief law enforcement officer.

iii. The chief's crimes, well known by 1990, allegedly, set the stage for protecting Defendant-(s) fraud and related criminal business.

iv. Plaintiff alleges crimes were well known, and approved, by courthouse judges.

v. In select instances, chief's criminal misappropriation of funds and illegal payments and financial gains were distributed to courthouse judges.

vi. Such information lends credence to the willful blindness clause. Allegedly, Defendant-(s) fraud was, and is, motivated for financial gain,.

## 11. CIRCUMSTANTIAL EVIDENCE AND DEFENDANT-(S) BREACH CONTRACT

Plaintiff considers above as rewritten and inclusive. Additionally, circumstantial evidence helps provide more awareness. Allegedly, Defendant-(s) inherited the ability to breach the certificate of compliance.

a) Additionally, circumstantial evidence helps provide more awareness. Allegedly, Defendant-(s) inherited fraud money motivated abilities and freedom selling liberties.

   i. Additionally, circumstantial evidence helps provide more awareness. Allegedly, Defendant-(s) employed Ohio elected, judicial, safety, and regulatory office holders and/or -their successors. Allegedly, Defendant-(s) inherited public servants help to benefit from engaging in and/or supporting fraudulent abilities and freedom leasing liberties.

   ii. Additionally, circumstantial evidence helps provide more awareness. Allegedly Defendant-(s) employed Ohio elected, judicial, safety, and regulatory office holders and/or -their successors' oversight favoritism.

   iii. Additionally, circumstantial evidence helps provide more awareness. Allegedly, favoritism allowed Defendant-(s) to engage in, and/or support, and/or benefited from breaching the certificate of compliance terms and conditions.

b) Additionally, circumstantial evidence helps provide more awareness. Allegedly, Defendant-(s) welded undue influence to shift the liability.

   i. Additionally, circumstantial evidence helps provide more awareness. Allegedly, Defendant-(s) inherited undue influence to shift, and/or support shifting, the surety underwriting monetary liability contributed to certificate of compliance.

    ii. Additionally, circumstantial evidence helps provide more awareness. Allegedly, Defendant-(s) inherited political influence and/or supported the same to shift the surety underwriting monetary liabilities.

        ii.a. Shifting certificate of compliance liabilities prevents surety underwriters' from paying bail bond forfeiture penalties agreed to within the certificate of compliance contract.  .

    iii. Additionally, circumstantial evidence helps provide more awareness. Allegedly, Defendant-(s) inherited political influence and/or supported the same to force the Plaintiff out of bail bond business:

        iii.a Shifting certificate of compliance liabilities domino affects were  made public records within case number CV-04-52068 .

Additionally, circumstantial evidence helps provide more awareness. Allegedly, Defendant-(s) inherited political influence to breach the certificate compliance contract and/or other crimes listed within the claim.

## 12. CIRCUMSTANTIAL EVIDENCE AND DEFENDANT-(S) AND TAXPAYERS

Plaintiff considers above as rewritten and inclusive. Additionally, circumstantial evidence helps provide more awareness. Allegedly, Defendant-(s) inherited misappropriating money from taxpayers.

    a) Additionally, circumstantial evidence helps provide more awareness. Allegedly, Defendant-(s) inherited undue influence to misappropriate, and/or support misappropriating, taxpayers' past, present, and future earnings by breaching the certificate of compliance.

i.   Additionally, circumstantial evidence helps provide more awareness. Allegedly, Defendant-(s) inherited undue influence to deny the Plaintiff access to compete legally for taxpayer rewards and dollars.

ii.  Additionally, circumstantial evidence helps provide more awareness. Allegedly, Defendant-(s) inherited undue influence engage in and/or support bullying and/or intimidating and/or competitive castigation (i.e. chastising) the Plaintiff.

iii. Additionally, circumstantial evidence helps provide more awareness. Defendant-(s) inherited undue influence, which lawyer Timothy Kucharski authored letter noted.

13. CIRCUMSTANTIAL EVIDENCE, DEFENDANT-(S) INFRINGED UPON PLAINTIFF'S CONSTITUTIONAL' 14TH AMENDMENT RIGHT

Plaintiff considers above as rewritten and inclusive. Additionally, circumstantial evidence helps provide more awareness. Allegedly, Defendant-(s) inherited and welded undue influence — and/or had access to, and/or inherited, and/or supported, and/or benefited from—denying Plaintiff constitutional right. Plaintiff was denied ability to pursue life, liberty and property without due process.

a)  Additionally, circumstantial evidence helps provide more awareness of how the Plaintiff was denied to choose a career of his choice.

i.   Additionally, circumstantial evidence helps provide more awareness. Allegedly, Defendant-(s) welded undue influence that targeted the Plaintiff's past, present, and future taxable earnings.

ii.  Additionally, circumstantial evidence helps provide more awareness. Allegedly, Cuyahoga County Justice Center became a headquarters that laid a path of crime, which Defendant-(s) adopted and/or supported.

iii.  Additionally, circumstantial evidence helps provide more awareness. Allegedly, aforementioned Defendant-(s) deeds contributed to fraud and other crimes that were to come.

For the above-mentioned reasons and more, the Plaintiff humbly request. The Plaintiff pleads to the Honorable court to allow and/or include and/or permit circumstantial evidence within all aspects of the petitioned trial by jury.

FEDERAL FRAUD CIVIL CLAIM HISTORICAL
BACKGROUND

PREFIX                                                              PAGE

FRAUD FACETS                                          ...............1

FRAUD HISTORY                                         ...............5

FRAUD AND PARTIAL PAYMENT                             ...............7

FRAUD ADVERTISMENT                                   ...............8

FRAUD AND LAWYER                                      ............9

FRAUD OPERATION                                       ..............9

FRAUD PROCEEDS AND COLLECTION OPERATION              ...............10

CONCEALING FRAUD                                     ...............12

FRAUD AND VICTIM OF CRIME FEES                        ..............13

FRAUD, LENDING, AND CERTIFICATE OF COMPLIANCE          .......15

FRAUD AND BREACH OF CONTRACT AND CONCEALMENT OF ASSETS.......15


FRAUD AND COURT PERSONNEL

HISTORICAL SIGNIFICANCE                               ...............17

FRAUD AND GOVERNMENT OFFICE                           ...............17

FRAUD AND CONFLICT OF INTEREST                        ...............18

FEDERAL FRAUD CIVIL CLAIM HISTORICAL BACKGROUND

FRAUD FACETS

1. The federal crime is fraud. Plaintiff alleges Defendant-(s) engages in and/or supports fraud. Plaintiff alleges fraud contributes to turning honest money into criminal proceeds. Plaintiff alleges fraud, also, constitutes crimes' many facets that Defendant-(s) engages in and supports, prior to 06/01/2015 and after.

    i. Plaintiff alleges fraud, also, was conceived within the recesses of credit, cash value, loan (i.e. crime-on-credit) advertisement.

    ii. Plaintiff alleges fraud solicitations, also, were (and continues to exist in 2017) outside of Cuyahoga County Justice Center.

    iii. Plaintiff alleges Defendant-(s) engaged in and/or supported fraudulent solicitations.

    iv. Crime-on-credit, surety underwriter' bail bonds, were (and continues to exist in 2017) conspiracy act, played out, and registered within the Justice Center Courthouse.

A. Plaintiff alleges Defendant-(s) championed and/or supported double value bonds. Mysteriously, single value bonds were identified as increased new and improved value, dual values of fraud and deceit.

    i. Plaintiff alleges Defendant-(s) championed and/or supported single value bail bond, monetary instruments, that were assigned increased new and improved value, dual values.

  ii. Plaintiff alleges the new values were registered, and put into the archives of history, within the government's Clerk of Court Offices.

  iii. Plaintiff alleges that the fabricated and increased value contradicted (i.e. white washed) the credit, cash value, loan that initially funded the amount of the bond.

B. Plaintiff alleges Defendant-(s) championed and/or supported indemnitor's (or payer and/or responsible person of the bond) issuing the true bond value. Surety underwriters' agent accepted true value funds from each indemnitor.

  i. Plaintiff alleges Defendant-(s) championed and/or supported the lesser (i.e. true) value amount of the bond accepted by the surety underwriter and/or runner and/or agent.

  ii. Plaintiff alleges Defendant-(s) championed and/or supported the lesser because the lesser value paved the way for fraud and deceit.

  iii. Plaintiff alleges changing one bail bond value into two by increasing the true value accepted by the surety violated, at least, two laws.

  iv. Plaintiff alleges changing bail bond values violated 18 U.S. Code § 3142 (a)-(c) and Cuyahoga County Courthouse judges' surety underwriter court orders.

  v. Plaintiff alleges that bail bond courthouse prisoner release terms changed.

  vi. Plaintiff alleges that the change represented contempt and courthouse non-compliance issues and fraud once the bail bond values were increased.

C.    Plaintiff alleges that a court order amount was required to initiate a courthouse judges' constitutional and/or effectual bail bond release of all confined accused criminals.

    i.    Plaintiff alleges that federal approved court order determined the amount required to fund a ten percent and/or ten percent cash surety and/or a cash bail bond.

    ii.    Plaintiff alleges that, Defendant-(s) championed and/or supported fraudulent bonds.

    iii.    Plaintiff alleges that loan value bonds, in contempt of federal regulations, issued bail bonds were registered within the courthouses' Clerk of Courts government's office.

    iv.    Plaintiff alleges Defendant-(s) championed and/or supported loan value issued bonds.

    v.    Plaintiff alleges the loan value registered bonds had (true) values less than the amount required to fund a federally compliant ten percent and/or ten percent cash surety and/or a "cash" bail bond.

    vi.    Plaintiff alleges the loan value registered bonds violated 18 U.S. Code § 3142 (a)-(c).

    vii.    Plaintiff alleges that dual value bail bonds promoted courthouse acts of bias and prejudice.

D.    Plaintiff alleges to effect (i.e. pull off with deceit) the fraudulent act, there was one crucial requirement above all else.

      i.      Plaintiff alleges the double value, bail bond, insurance policy was registered, not at the credit (lesser) cash value, funded, loan amount.

      ii.     Plaintiff alleges the bond was not identified as a credit, bail bond, monetary instrument.

      iii.    Plaintiff alleges the double value bond was registered as an increased (fabricated and wildly imagined) value bail bond within clerk office.

1.1    Plaintiff alleges therein lies the fraud claim regarding one facet of fraud.

1.2    Plaintiff alleges other alleged crimes extend from registering one monetary instrument that has two funded, but distinct, values.

1.3    Plaintiff alleges Defendant-(s) championed and/or supported the lesser value that funded the surety underwriters' bail bond, line of credit.

1.4    Plaintiff alleges Defendant-(s) championed and/or supported the concealed bail bond value buried (disguised) and registered within (and by) the government's Clerk of Court Office records.


2.    Means, method and opportunity involve the following questions.

2.1    Is the surety, credit, loan, solicitation legal, which Defendant-(s) allegedly engage in and/or supports?


3.    Then, there is the why, how, when, what and who of the surety, credit, loan, solicitation legality question?

A.    And if credit, cash value, loan (i.e. crime-on-credit) solicitation advertisement is legal ---- other questions arise.

      i.    First, did crime-on-credit solicitation advertisement become legal — illegally?

      ii.    Second, is crime-on-credit, solicitation, advertisement used to advance fraudulent acts along with other criminal activity?

4.    Victim issue is last.

      i.    The Plaintiff alleges Defendant-(s) caused the Plaintiff financial harm.

      ii.    The Plaintiff's alleges Defendant-(s) harmed Plaintiff's taxable earnings directly, and/or indirectly, and/or collectively.

      iii.    The Plaintiff's alleges Defendant-(s) championed and/or engaged in and/or supported harming Plaintiff's taxable earnings, historically, and presently from 2006-2017 and/or currently.

      iv.    The Plaintiff's alleges crime-on-credit compounded the Plaintiff's harm.

      v.    Other questions arise like why, how, when, what and who, aspects of the harm.

5.    Plaintiff's allegations matter within the federal fraud civil lawsuit context.

      i.    The Plaintiff's alleges Defendant-(s) engaged in and/or supported, by fraud means, violating 18 U.S. Code § 3142 (a)-(c) and Cuyahoga County Courthouse judges' surety underwriter court orders.

## FRAUD HISTORY

1. The civil lawsuit premise involves fraud allegations and other crimes.

2. Fraud allegations are linked to numerous surety underwriters, bail bond, crime-on-credit (i.e. credit, cash value, surety underwriter loan advertisements).

3. The advertisements sprouted forth from Cleveland, Ohio bail bond history.

4. The history and the advertisement grew into a crime-on-credit check (bond power and/or government approved monetary instrument).

5. The crime-on-credit check is accepted by Cleveland, Ohio, Cuyahoga County, surrounding municipalities and suburban courts Clerk of Courts as an intended— and approved— use of a government monetary instrument.

6. The Plaintiff alleges Defendant-(s) engaged in and/or supported fraud and other crimes affecting the governments' Clerk of Courts ability to legally register crime-on-credit loans.

7. Wherefore, the Plaintiff prays that the federal court will allow the Plaintiff to file a federal fraud and other crimes civil lawsuit.

8. The Plaintiff alleges Defendant-(s) are using, select, federal monetary instruments as criminal tools to engage in fraud and related crimes.

9. The Plaintiff seeks five-hundred-eight-five million dollars ($585,000,000.00) Punitive and thirty-nine million dollars ($39,000,000.00) compensatory damages.

10. The Plaintiff seeks a transfer of Defendant-(s) assets, if necessary, to fulfill Plaintiff request for damages.

11. The Plaintiffs seeks a trial by jury.

## FRAUD AND PARTIAL PAYMENT

11. Plaintiff alleges Defendant-(s) surety underwriters are implicitly trusted by Cleveland, Ohio, Cuyahoga County, surrounding municipalities and suburban taxpayers. Plaintiff alleges Underwriters are not to provide and/or support partial payments, and/or credit payments, and/or loans to facilitate surety, bail bond, insurance courthouse prisoner releases.

12. Plaintiff alleges Defendant-(s) surety underwriters are implicitly trusted by honorable elected courthouse judges. Plaintiff alleges surety underwriters are not to provide and/or support partial payments and/or credit payments loans to facilitate, surety, bail bond releases.

13. Plaintiff alleges Defendant-(s) surety underwriters are implicitly trusted by the honorable United State Congress. Plaintiff alleges surety underwriters are not to provide and/or support partial payments and/or credit payments or loans to facilitate, surety, bail bond, releases.

14. Plaintiff alleges Defendant-(s) surety underwriters are implicitly trusted by the honorable United States High Court.

15. Plaintiff alleges Defendant-(s) surety underwriters are not to provide and/or support partial payments or credit payments or loans to facilitate bail bond releases.

16. Plaintiff alleges Defendant-(s) surety underwriters are implicitly trusted to avoid having hidden and/or deceitful underwriting motives.

17. The Plaintiff alleges that Defendant-(s) surety underwriters' hidden motives and/or support of surety underwriting led to fraud and related crimes.

18. The Plaintiff, therefore, prays to the honorable United States Federal Court to accept the subsequent civil lawsuit.

## FRAUD ADVERTISMENT

Furthermore, Plaintiff alleges Defendant-(s) used and/or abused and/or supported insurance advertisements privileges to engage in and/or support fraud and related crimes.

Plaintiff alleges that solicitation advertisements, which Defendant-(s) championed and/or supported made to the public included: a) payment plans, b) car title swaps, c) $29 down payments, and d) free, surety underwriting, bail bond insurance.

Enclosed within the fraud civil lawsuit, and other crimes, are advertisement photograph copies of solicitations and additional documents. Documents were provided from lawyers to the Plaintiff and/or to lawyers.

Plaintiff alleges documents help define Defendant-(s) means, methods, opportunity and motive for alleged fraudulent actions.


Plaintiff alleges that bail bond solicitations are intended to entrap, uninformed, poverty-stricken, bail bond clients. Plaintiff alleges the advertisement engenders a method of bait-and-switch to engage in fraud and/or surety underwriting bail bond insurance crimes.

Plaintiff alleges that the advertisement deceitfully professes to provide members of the public a lawful, court ordered, bail bond insurance service.

Plaintiff alleges Defendant-(s) employ the advertisement to conceal and facilitate and/or support their fraud and related crimes and/or lawyer referrals.

## FRAUD AND LAWYER

The Plaintiff alleges lawyer Timothy Kucharski— his wife the lawyer, and his initial and present law firm (campaign headquarters) — is a direct recipient of lawyer referrals. Referrals emanate from crime-on-credit advertisement and other wise.

Plaintiff alleges other crimes include but are not limited to one through nine below:

1. **FRAUD—**
1.2. **INDUCEMENTS AND/OR ILLEGAL PAYMENTS**
2. **CONSPRIRACY TO COMMIT FRAUD**
3. **NEGLIGENCE —**
4. **GROSS NEGLIGENCE —**
5. **MISAPPROPRIATION OF FUNDS —**
6. **OBSTRUCTING JUSTICE —**
7. **PROHIBITED ACTIVITIES—**
8. **MODE OF RECOVERY--**

## FRAUD OPERATION

Plaintiff alleges Defendant-(s) engage in, and/or support, surety underwriting fraudulent bail bond exploits involving crime-on-credit.

Plaintiff alleges Defendant-(s)' surety underwriters engages in and/or supports providing bail bond powers (i.e. government monetary instruments). Plaintiff alleges Defendant-(s) employ government instruments to execute and/or support fraud operations.

The Plaintiff alleges Defendant-(s) register within the clerk's office selective bond powers and/or support of the latter. Selective registered bond powers are underfunded, insufficient, single bonds. Select bond powers are, however, designated with double values.

The Plaintiff alleges that one partial payment value, initially, funds the bond registered with the clerk's office. The partial payment does not appear upon the bond. However, an increased full payment, value, is registered. The increased value occurs while processing the bail bond, but avoids recording the initial partial (i.e. loan) payment bond value.

The increased bond value occurs, only after, the initial partial payment bond is concealed within the clerks' office processing of the, initial, partial payment. The governments' office fraudulent registers the loan payment bonds as fully complying with 18 U.S. Code § 3142 (a)-(c) and Cuyahoga County Courthouse judges' surety underwriter court orders.

Plaintiff alleges Defendant-(s) employ clerks, and/or courthouse judges to support and/or assign dual values to one, single, government monetary instrument, bond power. Clerk's office conceals their roles in registering Defendant-(s) fraudulent and underfunded bonds.

Plaintiff alleges that Defendant-(s) surety underwriting, underwrites Defendant-(s) fraudulent and underfunded bonds with government (taxpayer) approved instruments.

The Plaintiff alleges that the bail bond advertisement conceals (makes no mention of) Defendant-(s) fraudulent and underfunded bonds operation.

Plaintiff alleges, nevertheless, loans are generated by underfunded fraudulent bail bonds thru registering one of a selection of bonds within the public's clerk offices.

FRAUD PROCEEDS AND COLLECTION OPERATION

Plaintiff alleges Defendant-(s) engage in and/or support a no bid, arrears, collection procedure of public funds, which ensues to support Defendant-(s) fraud and related crime processes.

Plaintiff alleges that Defendant-(s) collection operation emanates from the misuse of public funds within a public's clerk of courts office.

The Plaintiff alleges that select lawyers and constituents provide arrears collection services. Those services receive public officials approval and support. Other potential bidders are excluded (if not bullied) from providing those public collections services at competitive rates to taxpayers.

The Plaintiff alleges that a government public office, Clerk of Court, facilitates quid pro qou and/or pay-for-play operations.

Plaintiff alleges Defendant-(s) receive the (go ahead) message to engage in and/or support fraudulent bail bonds that emanate from the crime-on-credit advertisement.

Plaintiff alleges the advertisements are placed on surety underwriters, bail bond agents' vehicles, which Defendant-(s) champion and/or support. Those vehicles are across the street from the courthouse, which is located on West Third Avenue. Similar vehicles are next to Timothy Kucharski's law office at 1200 W 3rd Street.

Plaintiff alleges courthouse judges, clerk office clerks, and sheriffs, courthouse administrators, prosecutors and lawyers safeguard the fraudulent advertisement process.

Plaintiff alleges similar advertisement of crime-on-credit is located in the parking lot about one hundred feet west of the courthouse's West Third Avenue window.

Plaintiff alleges that Defendant-(s), for more than eleven years employed the support of courthouse judges, clerks and sheriffs, courthouse administrators and lawyers.

Plaintiff alleges that Defendant-(s) fraudulent proceeds underwriting arrangement receives the okay from courtroom judges, clerk office clerks, and the Ohio Department of Insurance.

Plaintiff alleges Public officials preside over and/or officiates over Defendant-(s)' fraudulent, proceeds, and underwriting arrangement and/or support operation within both city and county clerk offices.

## CONCEALING FRAUD

Plaintiff alleges Defendant-(s) conceal their fraudulent underwriting arrangement actions with insufficient, record keeping documents.

Plaintiff alleges Defendant-(s) receive weekly, or timely, reports about regional bail bond underwriting operations. Defendant-(s), surety underwritten, bail bond agents provide Defendant-(s) with required records. Agents' records should prevent fraudulent underwriting arrangement and other crimes.

Plaintiff alleges Defendant-(s)' reports fail to mention the crime-on-credit and/or fraudulent advertisement occurring in Cleveland and Cuyahoga County.

Plaintiff alleges Defendant-(s) place the ouness of preventing bail bond fraud upon uninformed taxpayers. Public patrons are charged with regulating Defendants fraudulent underwriting arrangement operations.

Plaintiff alleges, in doing so, taxpayers, IRS and the Ohio Department of Insurance become fraudulent underwriting arrangement cohorts. Taxpayers, public officials, and regulators cannot monitor concealed records.

## FRAUD AND VICTIM OF CRIME FEES

Plaintiff alleges that Defendant-(s) employ and/or support fraudulent underwriting arrangement proceeds to victimize victims of crimes cyclically.

Plaintiff alleges that surety underwriter Defendant-(s) reward victims of crime perpetrators. Culprits receive fraudulent underwriting arrangement, cash value, loans. Surety underwriters' bail bond loans violate 18 U.S. Code § 3142 (a)-(c) and Cuyahoga County Courthouse judges' surety underwriter court orders. Plaintiff alleges Defendant-(s) champion and/or support cash value, advances, emanating from crime-on-credit.

Plaintiff alleges that Cleveland and Cuyahoga County taxpayers, tax dollars designated to the clerk of court office operations pays for Defendant-(s) fraudulent underwriting arrangement exploits.

Plaintiff alleges that Defendant-(s) reward select accused criminals with fraudulent underwriting arrangement proceeds. Proceeds pose an additional threat to prey upon more victims. Plaintiff alleges that preyed upon victims, qualify to receive victim of crime cash support. Nonetheless, Plaintiff alleges Defendant-(s) engaging in and/or supporting fraud and related crimes feed upon (i.e. fuels) itself.

Plaintiff alleges that Defendant-(s) support putting cash value, loans, from fraudulent underwriting arrangement proceeds, into the possession of bail bond clients.

Plaintiff alleges Defendant-(s) are empowered by a public office to engage in fraudulent underwriting arrangements. Taxpayers' dollars are used to finance crimes against more preyed upon victims of crimes.

FRAUDULENT, LENDING, AND CERTIFICATE OF COMPLIANCE

Plaintiff alleges that Defendant-(s) financial ambitions to limit liability and increase assets motivate them. Plaintiff alleges Defendant-(s) engage in fraudulent underwriting arrangements and/or support the latter with conceal bond values within the governments' Clerk of Court Offices. Plaintiff alleges limiting liability and increasing assets motivates Defendant-(s) to conceal the ties between crime-on-credit and shifting forfeiture liability prior to 06/01/2015 and after, and continues in 2017.

Plaintiff alleges Defendant-(s) concealed bail bond history records. The records recounted bail bond sureties shifting of forfeiture liability, first, upon the Plaintiff, then, upon taxpayers within case number cv-04-528068.

Plaintiff alleges Defendant-(s) ties and/or support with the advertisement of crime-on-credit and/or support of the loans breach terms of their signed Certificate of Compliance contract with taxpayers.

Therefore, the invalidated contract shifts forfeiture liability (i.e. Certificate of Compliance liability) upon taxpayers. Again, please refer to cv-04-528068.


FRAUD AND BREACH OF CONTRACT AND CONCEALMENT OF ASSETS

Plaintiff further alleges that once the breach occurs, every surety underwriter action, thereafter, is invalidated and/or has no contractual basis as guidelines. It is every party, to the old contract, for themselves. The original Certificate of Compliance contractual agreement has no standing in the court of law that supports fraud.

Plaintiff alleges Defendant-(s) transformed a surety underwriter, bail bond, insurance business into an unlicensed fraudulent lending operation.

Plaintiff alleges that there is a direct Cleveland and Cuyahoga County Clerk of Courts historical connection. The connection is between public offices, the surety underwriter advertisement, crime-on-credit, fraudulent underwriting arrangements, that breaches the contract with taxpayers. Plaintiff alleges Crime-on-credit shifts liability. The Plaintiff's public record case cv-04-528068 details that allegation. That case set a historical precedent.

Plaintiff desires to prevent the continuance of the former precedent involving crime-on-credit shifting liability. Plaintiff alleges that the Defendant-(s) actions emanating from the historical connection has harmed the Plaintiff, and continues to do so.

The Plaintiff alleges that he has been denied past, present and future taxable earnings of millions of dollars. The Plaintiff alleges Defendant-(s) engages in and/or supports the credit, cash value, loan, advertisement and fraudulent underwriting arrangements.

The Plaintiff alleges, as in the case of cv-04-528068, established settled law.

However, the Honorable Court has discretion to determine statute of limitation and applicabilites.

Concealment civil forfeiture concealment of assets as in fraudulent underwriting arrangements involves financial concealment matters: 18 U.S. Code § 981(D)(iv).

The follow case law highlights the Honorable Courts 'discretion:.*Burchinal v. United States*, 342 F.2d 982, 985 (10th Cir.), *cert. denied*, 382 U.S. 843 (1965), *only* the crime of concealment of assets receives the benefit of the extended statute of limitations provided by 18 U.S.C. § 3284.

## FRAUD AND COURT PERSONNEL

## HISTORICAL SIGNIFICANCE

The Plaintiff alleges history records Cleveland and Cuyahoga County public officials overseeing criminal operations. Felony convicted public officials include a few name. They include Chief Clerk of Courts Benny Bonanno, Cuyahoga County Chief Sheriff Gerald McFaul, Judges Bridgett McCafferty and Steven Terry, County Commissioners Jimmy Dimora and Frank Russo, and about eight year Acting Chief Clerk of Court Criminal Division Deputy Clerk Mark Lime and more.

The Plaintiff alleges public records document their involvement in crimes of similar corruption weight and matters if not crimes. Documented similar crime of Cuyahoga County Courthouse public officials allegedly led to fraudulent underwriting arrangements. Plaintiff alleges, similarly, Defendant-(s) subsequently adopted a part in advertising crime-on-credit, cash value, loans.

Furthermore, first, the Plaintiff alleges that Lime's theft of victim of crime fees points to existing fraudulent underwriting arrangements.  The Plaintiff alleges Limes' criminal arraignments prejudiced Defendant-(s) championing and/or supporting credit application within a government office.


## FRAUD AND GOVERNMENT OFFICE

Second, the Plaintiff alleges Defendant-(s) government approved bail bond instruments provide victim of crime fees. However, victim of crime fees are collected in cash and/or maybe credit cards — but never surety underwriter and/or bail bond credit— within the same government's clerk office.

Third, the Plaintiff alleges that Defendant-(s) same government approved bail bond instruments provide — credit or partial payment — when registering the same victim of crime bail bond. However, the victim of crime payment disallows — the payment of credit or partial payment—involving the same victim of crime bond. Nevertheless, the victim of crime bail bonds is registered within, the same government clerks' office with credit loans.

Fourth, the Plaintiff alleges that either the government accepts credit or the government do not accept credit and/or credit payment crime-on-credit loans.

Fifth, the Plaintiff alleges that for bail bond registration purposes — the credit aspect of the victim of crime bail bond — receives an increase value. That increase employs (and empowers) the government instrument (i.e. bail bond power and/or check) for two distinct reasons within one government office.

Finally, the Plaintiff alleges theft, fraudulent underwriting arrangements and more occurs within the government's Clerk of Court offices for which Mark Lime was imprisoned. Nevertheless, misappropriation of funds continues.

## FRAUD AND CONFLICT OF INTEREST

Plaintiff alleges that Defendant-(s) fraudulent underwriting arrangement exploits represent a conflict of interest. Plaintiff alleges the conflict is supported by judges, Clerk of Courts, sheriffs, lawyers and prosecutors. The conflict is employed through the courts' administration of government monetary instruments (i.e. bail bond powers).

The Plaintiff humbly submits to the Honorable Court that fraud and related criminal but civil allegations and other crimes present a unique situation.

The 2017 concealment of assets brings Defendant-(s) current (2017) actions, the Plaintiff's 2017 allegations, and cv-04-528068 court decision, harbors under the scope and provision of the aforementioned case law *Burchinal v. United States*, 342 F.2d 982, 985 (10th Cir.), *cert. denied*, 382 U.S. 843 (1965).