UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| RALPH WATTS, JR., | CASE NO. 1:17 CV 2473 |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| v. | |
| WILLIAMSBURG NATIONAL INSURANCE COMPANY, et al., | MEMORANDUM OF OPINION AND ORDER |
| Defendants. | |

On November 27, 2017, Plaintiff *pro se* Ralph Watts, Jr., a Cleveland, Ohio resident, filed this *in forma pauperis* action against Williamsburg National Insurance Company, of Mayfield Heights, Ohio, and 16 other Defendants.[1] The 84-page Complaint does not contain specific factual allegations, but seeks relief based on the following legal theories: Fraud, Conspiracy, Negligence, Misappropriation of Funds, and Obstruction of Justice. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365

---

[1] The other Defendants are: Universal Fire & Casualty Insurance Company, American Surety Company, Continental Heritage Insurance Company, International Fidelity Insurance, U.S. Specialty Insurance Company, Bankers Insurance Company, Seneca Insurance Company, Roche Surety and Casualty Company, Inc., Allegheny Casualty Company, American Contractors Indemnity Company, Lexington National Insurance Corporation, Universal Fire & Casualty Insurance Company, Accredited Surety and Casualty Company, Inc., Sun Surety Insurance Company, Timothy J. Kucharski, and Surety Corporation of America.

(1982) (per curiam), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell At. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

Plaintiff's Complaint contains only very generalized fact allegations and bald legal conclusions. Therefore, even construing his pleading liberally, he simply does not set forth a valid federal claim. *See, e.g.*, *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief). Further, to the extent he may be seeking to assert common law claims, it is clear on the face of the Complaint that there is not complete diversity of citizenship of the parties. The Court therefore lacks jurisdiction over any such claims. *See Caudill v. North America Media Corp*, 200 F.3d 914, 916 (6th Cir. 2000).

Accordingly, this action is dismissed under section 1915(e). The Court certifies, pursuant

---

[2] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *Chase Manhattan Mortg. Corp. v. Smith,* 507 F.3d 910, 915 (6th Cir. 2007); *Gibson v. R.G. Smith Co.,* 915 F.2d 260, 261 (6th Cir. 1990); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986).

to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

                                            s/ Christopher A. Boyko
                                            CHRISTOPHER A. BOYKO
                                            UNITED STATES DISTRICT JUDGE

DATED: March 16, 2018